IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREW T. BLOCK,                          )
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )
                                          )   Case No.     CIV-10-1242-D
MICHAEL J. ASTRUE,                        )
Commissioner of the Social                )
Security Administration,                  )
                                          )
              Defendant.                  )

## FINDINGS & RECOMMENDATION
## OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

### PROCEDURAL HISTORY

Plaintiff filed his application for SSI on May 5, 2006 alleging a disability since December 15, 2005 (TR. 8, 89). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 83, 84). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on March 18, 2008 (TR. 53-82). The ALJ issued his decision on June 13, 2008 finding that Plaintiff was not entitled to SSI (TR. 89-98). The Appeals Council granted the Plaintiff's request for review and on February 20, 2009, issued its order vacating the decision of the ALJ and remanding the case back to the ALJ (TR. 99-102). A supplemental hearing was held

before the ALJ on February 16, 2010 (TR. 22-52). The ALJ issued his second decision on March 24, 2010 finding that Plaintiff was not entitled to SSI (TR. 8-21). The Appeals Council denied the Plaintiff's request for review on September 18, 2010, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## THE ADMINISTRATIVE DECISION

In addressing the Plaintiff's disability application, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520.  At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from his alleged onset date of May 5, 2006, so the process continued (TR. 10). At step two, the ALJ concluded that Plaintiff had the severe impairments of low back pain, recurrent right sprained ankle, obesity, bipolar disorder, anxiety disorder, and history of alcohol abuse (TR. 10). At step three, the ALJ found that the Plaintiff did

not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 10). At step four, the ALJ found that Plaintiff had no past relevant work (PRW) (TR. 19).

At the point that step five is reached, a disability affecting work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a limited range of light work, subject to certain limitations (TR. 12). The ALJ used Medical Vocational Rule 202.20 as a framework for decision making and considered the testimony of the VE in determining that the jobs of "price stamper", "laundry sorter" and "folding inserter machine operator" were jobs existing in significant numbers in the national economy which could be performed by Plaintiff (TR. 20). Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 20-21).

## ISSUES PRESENTED

On appeal to this Court, Plaintiff alleges that the ALJ erred by failing to properly evaluate the medical evidence; that the vocational evidence is incompetent; and that the ALJ erred in his credibility analysis.

## MEDICAL EVIDENCE

In July 2006, Plaintiff underwent a consultative mental status examination performed by Annette Miles, Ph.D. (clinical psychologist), who found that his speech was logical and coherent; that his affect and mood were normal; and that test scores indicated a moderate to high level of symptoms of Attention Deficit/Hyperactivity Disorder (ADHD) (TR. 308-309). Dr. Miles further found that Plaintiff was oriented to person, place, time and purpose; and that his I.Q. was greater

than 80 (TR. 310). Dr. Miles diagnosis was of panic disorder without agoraphobia; dysthymic disorder, early onset; ADHD, primarily inattentive type; alcohol abuse, in partial remission; and cannabis abuse, in full remission (TR. 310). Dr. Miles also found that Plaintiff was able to understand, remember, sustain concentration, and persist; and that his ability to socially interact and adapt to work-related activities was impaired by his panic disorder (TR. 311).

Also in July 2006, Plaintiff underwent a consultative physical examination performed by Paul M. Dichter, D.O. (family practice), who reported that Plaintiff was oriented "x 3", showed no abnormal thinking, and did not appear anxious during the examination (TR. 314). Dr. Dichter also reported that Plaintiff had pain on inversion of his right ankle; that his gait was steady, stable and secure without any assistive devices; and that his muscle strength was "5/5" in all extremities (TR. 314). Dr. Dichter's diagnosis was bipolar disorder with panic attacks and "chronic sprain of the right ankle (neglected)" (TR. 314).

In August 2006, agency physician, Dorothy Millican, Ph.D., completed a mental RFC assessment in which she concluded that Plaintiff was "moderately" limited in his ability to understand, remember and carry out detailed instructions; and was "markedly" limited in his ability to interact appropriately with the public (TR. 410-411). Dr. Millican explained her conclusions by stating that Plaintiff was able to understand and perform simple and some complex tasks; that Plaintiff can interact appropriately with others on a superficial basis, but not with the general public, and that he could adapt to a work situation (TR. 412). Dr. Millican also reasoned that medications and outpatient therapy had stabilized Plaintiff's mood (TR. 426).

In February 2008, Kay Ramsey, one of the health care workers at Red Rock Behavioral Health, completed a "Medical Source Statement-Mental" (MSS-M) in which she concluded that Plaintiff was markedly limited in several specific areas involving sustained concentration and persistence, and social interaction (TR. 482-483).

In March 2008, Plaintiff's treating physician, Glenn Stow, M.D., completed a "Medical Source Statement-Physical" (MSS-P) in which he concluded that Plaintiff was able to occasionally or frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for no more than one hour total in an eight-hour workday; sit (with normal breaks) for only one hour in an eight-hour workday; and could sit continuously for no more than 30 minutes (TR. 479). Dr. Stow further concluded that Plaintiff would be required to lie down during the normal workday to manage pain or other symptoms; and that he could never climb, balance, stoop, kneel, crouch, crawl or reach (TR. 480). Dr. Stow explained his findings by stating that "Plaintiff has a bad ankle. Back pain due to herniated discs. Severe anxiety Headaches" (TR. 480).

In January 2010, Lynn Denslow, LCSW, and Kay Ramsey, health care workers at Red Rock Behavioral Health, completed a "Medical Source Statement-Mental" (MSS-M) in which they concluded that Plaintiff was markedly limited in several specific areas involving sustained concentration and persistence, and social interaction (TR. 482-483).

## ANALYSIS

### I.     The ALJ's Evaluation of the Medical Evidence.

Plaintiff argues that the ALJ failed to properly analyze the opinions of his treating physician, Dr. Stow, as stated in his medical source statement (See Plaintiff's Brief at pages 4-7). When presented with opinions of a treating physician, the ALJ must "give good reasons" in his decision for the weight assigned to the opinion. 20 C.F.R. § 404.1527(d)(2) *see also* SSR 96-2p; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "it is an error to give an

opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p; 20 C.F.R. §404.1527(d)(2).

The Tenth Circuit described the required analysis of a treating physician's opinion in *Watkins v. Barnhart*, 350 F. 3d 1297, 1300-1301, (10th Cir. 2003):

> The analysis is sequential. An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

The Court in *Watkins* further reasoned that

> Resolving the controlling weight issue does not end our review. In completing the analysis: adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927,

*Watkins* at 1300; SSR 96-2p.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight then in order to disregard or give "slight weight" to that treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the

appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In her combined decisions the ALJ provided a detailed and thorough review of the medical evidence (TR. 93-97, 13-18). He also provided specific legitimate reasons for disregarding the opinions of Plaintiff's treating physician, Dr. Stow (TR. 96-97, 17-18). In evaluating the opinions of Dr. Stow the ALJ correctly observed that the opinions of Dr. Stow expressed in his MSS-P were not substantiated by the clinical findings and are inconsistent with the other evidence of record and that

> For example, at the time of the claimant's physical consultative examination in July 2006 he did not allege low back pain. Physical examination revealed the claimant had full strength of his extremities. He had pain on inversion of the right ankle, but range of motion of the ankles was within normal limits. His gait was observed without the ankle brace. It was steady, stable and secure without any assistive devices. There was no evidence of synovitis or arthritis in any joints examined. There was some tenderness over the right lateral malleolus. He had neglected the chronic sprain of the right ankle and had not followed up with medical care from his treating physician (Exhibit 5F). After his motor vehicle accident in February 2009 he had normal cervical spine series. The x-rays of the thoracic spine showed mild levoscoliosis, but no acute abnormality. He was diagnosed with cervical thoracic strain secondary to the motor vehicle accident (Exhibit 17F). Therefore, the undersigned gives little weight to the opinions and findings of Dr. Stow where they are not supported by the signs, symptoms and medical findings in the record.

(TR. 18).   The ALJ also observed that "Dr. Stow's opinion regarding the claimant's limitations is probative and has been given due consideration" (TR. 18).

Accordingly, the ALJ properly concluded that the opinions of Dr. Stow were not entitled to controlling weight; and that his opinions expressed in his medical source statements be given little weight because they were not substantiated by the clinical findings and are inconsistent with the other medical evidence of record (TR. 18). The ALJ's decision provides specific, legitimate reasons for the weight given to Dr. Stow's opinions. *Watkins* at 1301.

Plaintiff argues the ALJ failed to adequately consider the two MSS-Ms completed by Kay Ramsey and her supervisor, Lynn Denslow, LCSW (See Plaintiff's Brief at pages 7-11). Neither Ramsey nor Denslow are acceptable medical sources under the regulations. 20 C.F.R. §404.1513. Thus, the ALJ was not required to accord their opinions the weight given to the opinions of a treating physician. *See Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (ALJ properly rejected chiropractor's report which the regulations provide are not entitled to the same significant weight as reports by a physician).

SSR 06-03p instructs the ALJ to explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). In his decision the ALJ specifically mentions the opinions of Ramsey and Denslow (TR. 18-19). The ALJ also included some of their findings in Plaintiff's RFC (TR. 12). To the extent that the ALJ failed to incorporate the opinions of Ramsey and Denslow, the ALJ provided an adequate discussion of the evidence which allows this reviewer to follow the adjudicator's reasoning (TR. 15, 18-19). The ALJ specifically noted that the "marked limitations" reported by Ramsey and Denslow "were not consistent with the medical evidence of record", including Ramsey's own reports and the psychiatrist's reports at Red Rock Behavioral Health (TR. 18-19). Accordingly, the ALJ determined that the opinions of Ramsey were to be given "little

weight" (TR. 19).

Thus, it appears that the ALJ did not err in his analysis of the medical evidence.

## II.      The Vocational Evidence.

Plaintiff argues that the vocational evidence is incompetent (See Plaintiff' Brief at pages 12-13). In his decision the ALJ's statement of Plaintiff's RFC includes the finding that Plaintiff "can interact appropriately with others at a superficial level, but not to include the general public. He can adapt to a work situation" (TR. 12). In the transcript of the hearing the ALJ's hypothetical provides that Plaintiff  "Can't interact appropriately with others at a superficial level, but not the general public, and can't adapt to a work situation…" (TR. 49).   Plaintiff complains that the evidence is incompetent because it is "counterintuitive" and "illogical", and is therefore error.  The undersigned submits that the only errors made were typographical and made by the transcriber and proof reader (TR. 52). Plaintiff's argument appears particularly disingenuous since his counsel was present at the hearing, and since no mention was made of the "incompetent" evidence in Claimant's Brief for the Appeals Council (TR. 22, 174-178).

## III.      The ALJ's Credibility Analysis.

Plaintiff also argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 13-15). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.*  Third, the decision maker, considering

all of the medical data presented and any objective or subjective indications of the pain, must

assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164.   In assessing the credibility of a claimant's complaints of pain, the following factors

may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991).   *See also Luna*, 834 F.2d at 165 ("The

Secretary has also noted several factors for consideration including the claimant's daily activities,

and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an

ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the

reasoning which supports the decision as opposed to mere conclusions.   *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls*

*v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence

he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.   *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the

credibility of the Plaintiff followed the dictates of *Kepler* by providing an adequate discussion of

the evidence which linked specific evidence to his findings (TR. 13-17).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 13, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the

right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 23rd day of January 2012.


SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE