### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW T. BLOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-10-1242-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for disability and supplemental security income benefits. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On January 23, 2012, the Magistrate Judged filed his Findings and Recommendation [Doc. No. 22] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Wall v. Astrue,* 561 F. 3d 1048, 1052 (10th Cir. 2009); *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion; it requires "more than a scintilla, but less than a preponderance." *Wall*, 561 F. 3d at 1052. Evidence is not substantial for this purpose if it is

"overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the Administrative Law Judge must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, the Magistrate Judge found that the Administrative Law Judge ("ALJ") correctly applied the regulations and governing law to the evidence in the record in concluding that Plaintiff was not eligible for benefits. The Magistrate Judge also found that the decision is supported by substantial evidence. More specifically, the Magistrate Judge found that the ALJ correctly concluded that, although he has severe impairments, Plaintiff retains the residual functional capacity ("RFC") to perform a limited range of light work, subject to specific limitations set forth in the decision. He further found the ALJ was correct in determining that, based on the medical-vocational guidelines and the testimony of a vocational expert, a person with Plaintiff's impairments and RFC can perform other work that exists in significant numbers in the economy. Accordingly, the Magistrate Judge agreed that substantial evidence supports the ALJ's determination that Plaintiff is not disabled within the meaning of the Social Security Act.

In objecting to the Report and Recommendation, Plaintiff asserts the same arguments presented in support of his appeal, and he contends the Magistrate Judge erroneously rejected those arguments. Plaintiff argues that the Magistrate Judge did not adequately consider Plaintiff's contention that the ALJ relied upon incompetent vocational testimony, failed to properly evaluate

the medical evidence, and erred in his credibility analysis.

The Court has reviewed the Findings and Recommendation and concludes that, contrary to Plaintiff's contention, the Magistrate Judge addressed each of these arguments in detail. Furthermore, he considered each argument in the context of the ALJ's findings set forth in the decision following the *de novo* hearing and the evidence in the record. He also applied the substantive law in reaching the conclusion that the ALJ's decision is supported by substantial evidence.

Plaintiff's contention regarding the vocational expert's testimony is discussed at page 9 of the Findings and Recommendation. As the Magistrate Judge correctly noted, the ALJ concluded that the evidence supports the conclusion that Plaintiff's RFC allows him to "interact appropriately with others at a superficial level, but not to include the general public. He can adapt to a work situation." Findings and Recommendation, p. 9 (citing Hearing Transcript at p. 12). The Magistrate Judge further noted that the cited transcript states the ALJ's hypothetical question to the vocational expert asked the expert to assume Plaintiff "*can't* interact appropriately with others at a superficial level, but not the general public, and *can't* adapt to a work situation." *Id.* (emphasis added). Plaintiff contends that the resulting testimony supporting the conclusion that Plaintiff can interact appropriately with others and can adapt to a work situation is illogical and therefore constitutes error. The Magistrate Judge concluded that the transcript is likely to contain a typographical error. In his objection, Plaintiff argues that, because the Commissioner bears the burden of proof with regard to this aspect of the disability analysis, it was incumbent upon the Commissioner to ensure the accuracy of the transcript. He argues the failure to obtain a correct transcript constitutes error warranting a reversal of the decision.

The Court disagrees. Both the ALJ and the Magistrate Judge discussed at length the medical evidence in the record which supports the conclusion that Plaintiff can interact appropriately with others on a superficial level, although he cannot interact properly with the general public. The evidence cited by the ALJ, and discussed by the Magistrate Judge, also supports the conclusion that Plaintiff has the ability to adapt to a work situation. The record clearly establishes that the ALJ took Plaintiff's limitations into consideration in evaluating his RFC and in applying the resulting limitations to jobs which exist in the national economy. As the Magistrate Judge pointed out, Plaintiff's counsel participated in the hearing at which the vocational expert testified, and he had the opportunity to challenge that testimony. As he also pointed out, Plaintiff's brief to the Appeals Council does not assert his current argument that the vocational expert's testimony was incompetent or deficient because of the manner in which a hypothetical question was recorded in the transcript of the hearing before the ALJ. The Court finds no error by the ALJ, and concludes the Magistrate Judge correctly determined the decision regarding Plaintiff's RFC and the availability of jobs in the economy which could be performed within his limitations is supported by substantial evidence.

The Court also agrees with the Magistrate Judge that, contrary to Plaintiff's contention, the ALJ properly evaluated the medical evidence and made the necessary findings with regard to his assessment of the weight of that evidence. As discussed in detail at pages 5 through 8 of the Findings and Recommendation, the ALJ applied the factors required by the Tenth Circuit Court of Appeals in his analysis of the medical evidence, the weight to be afforded that evidence, and the final assessment of Plaintiff's physical and mental impairments. The Court adopts that portion of the Findings and Recommendation, and finds the ALJ's conclusion is supported by substantial evidence, and the ALJ did not err in evaluating that evidence.

Similarly, the Court agrees with the Magistrate Judge's determination that the ALJ did not err in assessing the credibility of Plaintiff. As explained at pages 9 and 10 of the Findings and Recommendation, the standards for evaluating a claimant's pain and credibility are well-established. The ALJ considered the proper factors, in light of these standards, and his decision is supported by substantial evidence in the record. The Court adopts the Magistrate Judge's findings at pages 9 and 10 of the Report and Recommendation.

The Court has reviewed the record in this case and has considered Plaintiff's objections to the Findings and Recommendation of the Magistrate Judge. Having conducted a *de novo* review, the Court adopts the Findings and Recommendation [Doc. No. 22]. The decision of the Commissioner denying Plaintiff's application for benefits is affirmed, and judgment shall enter accordingly.

IT IS SO ORDERED this 14th day of February, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE